Territorial Law Library

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GOVERNMENT OF GUAM | CIVIL CASE NO. CV0084-08 |
| vs. | |
| 1,348,474 SQUARE METERS, MORE OR LESS, SITUATED IN THE MUNIPCALITY OF INARAJAN GUAM, et. al., | **DECISION AND ORDER ON CIU DEFENDANT'S OBJECTIONS TO GOVGUAM'S FACTS NOT IN EVIDENCE IN CLOSING ARGUMENTS AND GOVGUAM'S MOTION TO STRIKE CIU DEFENDANTS' OBJECTIONS TO GOVGUAM'S REPLY BRIEF** |
| Defendants. | |

## INTRODUCTION

On November 28, 2011, the Honorable Alberto C. Lamornea, III, held a hearing on the Government of Guam's ("GovGuam") Motion to Strike CIU Defendants'[1] Objections to GovGuam's Reply Brief. Also before this Court is the CIU Defendants' written Objections to GovGuam's Facts Not in Evidence in Closing Arguments, though the parties did not present oral arguments on this matter. Present at the hearing was counsel for CIU Defendants, Attorney Rodney J. Jacob; counsel for Oxford Defendant's, Anita P. Arriola; and Assistant Attorney General Kathy A. Fokas, appearing on behalf of GovGuam. Having considered the parties' arguments and related law, the Court now issues its Decision and Order on the above matters.

---

[1] For purposes of clarity, throughout this litigation the parties and this Court have distinguished the various defendants based on their choice of counsel and have provided separate labels to refer to each. Defendants Oxford Properties & Finance Ltd., Joaquin Arriola, Douglas F. Cushnie are collectively referred to as "Oxford Defendants." Calvo's Insurance Underwriters Inc., Jones and Guerrero Company, Inc., Alfred C. and Diane Z. Ysrael, Valencia Investments Corp., Lee M. and Joan S. Holmes, and Henry Sy are collectively referred to as "CIU Defendants." The remaining defendant is Young Chull Kim. Defendant Kim did not appear in person or through counsel during the trial or in the hearing on this matter.

-1-

## FACTUAL BACKGROUND

This case involves a bench trial to determine just compensation owed to private landowners following the Government of Guam's taking of land in Inarajan in 2008 for the purpose of constructing and operating a public landfill. Following the close of the parties' respective cases-in chief and rebuttal this Court issued an Order on September 16th ("Order") directing the parties to submit written documents containing arguments necessary prior to ending the trial. The Order directed the parties to file closing arguments, opposition and replies to the closing arguments, proposed findings of fact and conclusions of law, and oppositions to the proposed findings. The issues presently before the Court relate to the closing arguments and response briefs. Closing arguments were to be filed by October 3rd, 2011; oppositions to those arguments were due on October 18th; and replies were due on October 24th. The Order stated that the trial would end on October 24th after the parties' filed their reply briefs. The parties timely filed their respective closing arguments and oppositions, and GovGuam filed its timely Reply on October 24th. Also on October 24th, CIU Defendants filed "Objections to GovGuam's Facts Not in Evidence in Closing Arguments." And on November 1st, 2011, CIU Defendants filed "Objections to GovGuam's Reply Brief" in which the defendants argue that in its Reply, GovGuam raised new arguments not discussed in its initial arguments and that GovGuam referred to facts not in evidence. GovGuam filed a motion to strike CIU Defendants' objection on grounds that CIU Defendants failed to obtain leave of court to submit an additional document which was not filed pursuant to the Court's Order and requesting, in the alternative, that GovGuam be granted leave to file a response to the objections.

## DISCUSSION

The following discussion first addresses CIU Defendant's Objections to GovGuam's Facts Not in Evidence in Closing Arguments, and is followed by a discussion regarding GovGuam's Motion to Strike CIU Defendants' Objections to GovGuam's Reply Brief.

/ / / /

/ / / /

/ / / /

-2-

*I.      CIU Defendant's Objections to GovGuam's Facts Not in Evidence in Closing Arguments*

In its "Objections to GovGuam's Facts Not In Evidence in Closing Arguments" CIU Defendants requested of this Court that, in making its findings regarding just compensation, the court not consider various statements within GovGuam's Closing Arguments that CIU Defendants contend are inadmissible or that refer to facts not in evidence.

A party who fails to promptly object to an improper statement made in closing argument may be deemed to have waived the right to object to the error. See e.g., United States v. Sehnal, 930 F.2d 1420, 1425 (9th Cir. ) cert. denied, 112 S.Ct. 300 (1991) (holding defense counsel's failure to object to misleading argument by plaintiff's counsel constituted waiver of the error); Guzman v. Tower Development, Inc., 1994 WL 549860 (D. Guam, 1994) (failure to object to portion of opposing counsel's argument during closing waived any objection defendant had to the argument); U.S. Bank v. YMCA of Metropolitan Chicago, 409 Ill.App.3d 548, 563, 946 N.E.2d 850, 863 (Ill. Ct. App. 2008) (declining to consider objections to remarks made by counsel during closing arguments where counsel failed to contemporaneously object to statements at trial); Good Samaritan Hosp. Ass'n, Inc. v. Saylor, 495 So.2d 782, 783 (Fla. Ct. App. 1986) (where no objection was made to closing arguments at the time the improper statement was made, any error was waived). Where a party has the opportunity to respond to an argument in writing, objections should be raised in the response and not in a later writing. See Partminer Worldwide Inc. v. Siliconexpert Technologies Inc., 2011 WL 587971 *6 (D. Colo. Feb. 9, 2011) (evidentiary objections filed after defendant's response to plaintiff's initial motion were considered untimely).

In the present case, CIU Defendants had an opportunity to object to any improper reference to facts or evidence by GovGuam in the defendants' October 18th opposition to GovGuam's closing arguments. However, CIU Defendants chose not to include their objections in their opposition, and instead waited to file a separate written objection six days later on October 24th. Given this Court's Order outlining the specific documents to be submitted by the parties, it is not unreasonable to expect those parties to have included all their opposition points –

Case No. CV0084-08
Decision and Order on Plaintiff's Motion to Strike Objections

including any evidentiary objections – within their response briefs. Because the CIU Defendants opted not to address the alleged misstatements in their opposition brief this Court finds CIU Defendants' separate and subsequently filed Objections to be untimely.[2]

II.     *GovGuam's Motion to Strike CIU Defendants' Objections to GovGuam's Reply Brief*

On November 1, 2011, after GovGuam filed its Reply to CIU Defendants' Response to GovGuam's Closing Arguments, CIU Defendants filed a document entitled "Objections to GovGuam's Reply Brief" in which CIU Defendants argue that GovGuam raised new arguments in its Reply that did not appear in its original Closing Arguments. CIU Defendants also claim that the Reply improperly cited to facts not in evidence. GovGuam then filed the present Motion to Strike essentially arguing that the CIU Defendants' Objection is improper because the CIU Defendants failed to seek leave of court to file documents that were not authorized by this Court's Order. CIU Defendants claim that because the documents at issue in this case relate to closing arguments rather than traditional motion papers, the procedures governing motion practice do not apply and the parties were not required to seek leave of court prior to submitting an objection. This Court disagrees.

The Order in this case regarding submission of closing arguments and responses essentially adopted the argument-opposition-reply format applicable to motions practice as provided by Civil Rule 7.1(c). The Order authorized the filings of specific briefs and responses and did not allow for an objection or surreply to a party's reply. Under Civil Rule 7.1(k), in a motions practice context "The Court need not consider motions, oppositions to motions or briefs or memoranda that do not comply with [Rule 7.1]. . . ." Similarly, where the filing of documents is explicitly provided for by a court order mirroring the civil rules, this Court sees no reason why it may not disregard documents that do not conform to the order and for which the submitting party has not sought leave of court to file such documents.

_____

[2] Alternatively, this Court finds that it may also disregard the Objections to GovGuam's Facts Not in Evidence in Closing Arguments based on this Court's reasoning in Part II of this Decision and Order regarding submission of unauthorized documents without seeking leave court.

-4-

A recent Tenth Circuit District Court case is instructive. In Partminer Worldwide Inc. v. Siliconexpert Technologies Inc., 2011 WL 587971 (D. Colo. Feb. 9, 2011), the District Court considered, *inter alia*, a Magistrate Judge's ruling granting Plaintiff Partminer's Motion to Strike a document submitted by Defendant Siliconexpert titled "Evidential Objections . . . to Statements in Partminer's Motion for Sanctions." Partminer, 2011 WL 587971 *4. The objections were filed after the parties had completed their briefing on Partminer's Motion for Sanctions. Id. Siliconexpert had argued before the Magistrate Judge that Partminer's Reply brief contained improper evidentiary defects. The Magistrate Judge equated the objections to an improper surrpely and struck the objections from the record. Id. at *6. On review, the District Court found that "when a party believes that the contentions in the opponent's reply brief require a response, the proper approach is for that party to seek leave to file a surreply." Id. at *6 (citing Pippin v. Burlington Resources Oil & Gas Co., 440 F.3d 1186, 1191-92 (10th Cir. 2006)). The court thus determined that the Magistrate Judge correctly found that Siliconexpert's "objections to misstatements in Partminer's reply brief . . . were an improper surreply." Id.

In the present case, instead of heeding this Court's Order regarding the submission of particular documents or the provision in that Order stating that the trial would end on October 24th, 2011, CIU Defendants forged ahead in filing its objections on November 1st, 2011. While this Court understands the frustration expressed by CIU Defendants regarding what defendants clearly feel are improper statements and arguments asserted by GovGuam, this Court must, in the interest of managing its docket, require that parties request leave prior to straying beyond the bounds of a court order. Because CIU Defendants did not seek leave to file additional documents, this Court will not consider CIU Defendants' Objections.

## CONCLUSION

Based on the foregoing this Court finds that by failing to include evidentiary objections within its response to GovGuam's Closing Arguments, CIU Defendants waived the opportunity to object in a later submission to this Court. As such, CIU Defendants' Objections to Facts Not in Evidence in GovGuam's Closing Arguments are untimely and will not be considered. The Court further finds that because CIU Defendants did not seek leave of this Court prior to filing

-5-

its Objections to GovGuam's Reply Brief, filed beyond the filing or trial deadline, this Court will disregard those objections. However, because the objections should be preserved on the record for appeal they will not be stricken as requested by GovGuam. Notwithstanding the above rulings, the Court takes this opportunity to assure all parties in this case that this Court will take care to base its findings and conclusions only on admitted evidence and facts in the record.

**SO ORDERED**, this 13th day of March, 2012.

_____
HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam



I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

MAR 13 2012

Domingo M. Nego
Deputy Clerk, Superior Court of Guam

Case No. CV0084-08
Decision and Order on Plaintiff's Motion to Strike Objections